UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROLAND THOMAS KOCH,

   Plaintiff,

  v.

SHERIFF, et al.,

   Defendants.

No.  2:25-cv-1791 AC P

ORDER

Plaintiff is a former civil detainee who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  ECF No. 12.  Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.

I.  Statutory Screening of Prisoner Complaints

  A.  Legal Standard

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Id. at 327.  The

1

critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### B. Factual Allegations of the Complaint

The complaint alleges the sheriff of Sacramento County Main Jail (SCMJ) and Rio Consumnes Correctional Center (RCCC) and the facility commanders at each institution violated plaintiff's Eighth and Fourteenth Amendment rights under the United States Constitution. ECF No. 1. Specifically, the complaint alleges that despite the need for separate housing for SVPs/290 registrants,[1] and despite plaintiff's prior three lawsuits that resulted in settlements,[2] defendants

---

[1] California's Sexually Violent Predator Act (SVPA) authorizes the civil commitment of "sexually violent predators" (SVPs) under California Welfare and Institutions Code (WIC) §§ 6600 et seq. King v. County of Los Angeles, 885 F.3d 548, 553 (9th Cir. 2018). California Penal Code § 290 requires individuals with certain sex crimes to register as sex offenders. Plaintiff alleges he is designated as a 290 registrant but disputes this status. ECF No. 1 at 3.

[2] Plaintiff has filed fifteen civil rights actions in this district. Plaintiff's complaint appears to be referring to Koch v. Sacramento County, No. 2:15-cv-0739 (E.D. Cal.), Koch v. Jones, No. 2:18-cv-2581 CKD (E.D. Cal.), and Koch v. Jones, No. 2:19-cv-1535 JAM CKD (E.D. Cal.)—three cases in which he alleged violations based on the conditions of his confinement as a civil detainee under WIC § 6600 and resulted in settlement agreements. See Koch v. Sacramento County, No. 2:15-cv-0739 JAM CKD, ECF Nos. 1, 22-24; Koch v. Jones, 2:18-cv-2581 CKD, ECF Nos. 30,

2

continue to subject SVPs/290 registrants, like plaintiff, to worse conditions of confinement than convicted criminals and expose them to physical danger while in their custody.  ECF No. 1 at 3-5.

The complaint alleges that plaintiff was transferred to RCCC, placed in a large dorm with almost one hundred inmates, identified as a 290 registrant, and threatened by inmates due to his 290-registrant status.  Id. at 3.  When plaintiff reported the threats to staff, he was transferred to another similarly large dorm.  Id.  Once there, an inmate from his prior dorm was allowed to follow him to his new dorm, putting him at risk if the inmate revealed plaintiff's status as a 290 registrant.  Id.  It appears plaintiff again informed staff of the threat to his safety and was transferred to a "pod" unit.  Id.  The same prisoner who was aware of his status as a 290 registrant was again allowed to follow plaintiff to his new "pod" unit due to lack of training of staff.  Id.  Plaintiff alleges he could have been stabbed, killed, maimed, and/or otherwise hurt due to his known status as a 290 registrant.  Id.

The complaint also alleges that defendants have "failed to create and/or maintain a living/holding area for SVPs/290 registrants that equates reasonable detainment conditions of even EQUAL to convicted criminals."  Id. at 4.  Convicted criminals are not celled all day and night, have access to showers, games, socialization, TV, radio, can socialize and have a lot of yard and/or outside time.  Id.  In contrast, SVPs/290 registrants do not have these recreational opportunities and are celled for over twenty hours a day.  Id.  Due to defendants' indifference and lack of training, plaintiff is living in a "bathroom" with no access to a TV, movies, music, no money for food, and no ability to work out to pass the time.  Id. at 5.  Plaintiff alleges that designating a pod or unit for SVPs/290 registrants would offer equal recreational time and protect SVPs/290 registrants from physical danger without jeopardizing facility security.  Id.  at 4.

Plaintiff sues each defendant in their "professional" and "personal" capacities and "others under their command."  Id. at 2.  By way of relief, plaintiff seeks compensation in the amount of $580,000,000.  Id. at 6.  Plaintiff also requests that Honorable Deborah Barnes be assigned to this action.  Id.

34-35; Koch v. Jones, No. 2:19-cv-1535 JAM CKD, ECF Nos. 1, 25, 27-28.

3

C.  Cognizable Claims

After conducting the screening required by 28 U.S.C. § 1915A(a), liberally construed, the complaint sufficiently states the following claims: Fourteenth Amendment claims against the *current* sheriff of SCMJ/RCCC and facility commanders at SCMJ and RCCC in their official capacities[3] for (1) failure to protect SVPs/290 registrants (a) by housing civil detainees together with their criminal counterparts and (b) by failing to train SCMJ/RCCC staff on how to protect SVPs/290 registrants; and (2) the punitive conditions of SVPs/290 registrants confinement at RCCC; as well as Fourteenth Amendment claims against the sheriff of SCMJ/RCCC and the facility commander at RCCC (from June 2025) in their individual capacities for (1) their implementation of policies and/or practices of (a) housing civil detainees together with their criminal counterparts and (b) subjecting civil detainees to punitive conditions of confinement; and (2) their *personal* roles in failing to train their subordinates on how to protect and properly house civil detainees at RCCC.

As discussed below, plaintiff will be given the option to proceed on the above claims or amend the complaint.  If plaintiff elects to proceed on the complaint, the *current* sheriff of SCMJ/RCCC will be served and required to answer on the official capacity claims.  Service of

---

[3]  Because official capacity claims against a government official are treated as suits against the governmental entity, plaintiff's official capacity claims against the sheriff of SCMJ/RCCC *and* the facility commanders at SCMJ and RCCC are all necessarily construed as claims against Sacramento County Sheriff's Department.  See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690-92 (1978) ("local officials sued in their official capacities are 'persons' under § 1983 in those cases in which . . . a local government would be suable in its own name"); Kentucky v. Graham, 473 U.S. 159, 167, n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials, for under Monell, supra, local government units can be sued directly for damages and injunctive or declaratory relief."); Brandon v. Holt, 469 U.S. 464, 472 (1985) (a suit against a department head in his official capacity is a suit against the local government entity).  Given the redundancy of this approach, and the fact that the entity rather than the individual would be held responsible for official capacity claims, plaintiff should amend his complaint to name Sacramento County Sheriff's Department as the defendant for his "official capacity" claims against the sheriff and facility commanders at SCMJ and RCCC.  If plaintiff does not amend the complaint, the individual facility commanders may later seek to dismiss the official capacity claims against them as unnecessarily redundant.  See Thomas v. Baca, 703 F. App'x 508, 512 (9th Cir. 2017) (district court did not err in granting judgment on the pleadings for official-capacity claims against county supervisors because they were duplicative of official-capacity claim against sheriff).

4

process against the sheriff of SCMJ/RCCC and the facility commander at RCCC on the individual capacity claims, however, will not be ordered until plaintiff identifies their real names and files a motion to amend the complaint to substitute their real names.  See Mosier v. Cal. Dep't of Corr. & Rehab., No. 1:11-cv-1034 MJS PC, 2012 WL 2577524, at *3, 2012 U.S. LEXIS 92286, at *8 (E.D. Cal. July 3, 2012), Robinett v. Corr. Training Facility, No. C 09-3845 SI (PR), 2010 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at *12-13 (N.D. Cal. July 20, 2010).

### D.  Failure to State a Claim

The allegations in the complaint are not sufficient to state an individual capacity claim against the facility commander at SCMJ, an Eighth Amendment claim, and/or a Fourteenth Amendment Equal Protection Clause claim.

The claims against the facility commander at SCMJ in that person's individual capacity are insufficient because it's unclear how the facility commander at SCMJ, a different facility than the one where plaintiff was held, was involved, if at all, in the alleged conduct.  To state a claim against the facility commander at SCMJ, plaintiff must link the facility commander to some affirmative act or omission that shows his involvement in the violation of plaintiff's federal rights.

Plaintiff fails to state an Eighth Amendment claim because the Eighth Amendment only applies to prisoners who are serving criminal sentences and not to civil detainees such as plaintiff. Failure to protect claims and/or claims regarding the conditions of a civil detainee's confinement are governed by the Fourteenth Amendment.

Lastly, plaintiff fails to state a Fourteenth Amendment Equal Protection claim because sex offenders are not a "protected class," and because plaintiff has not alleged that "similarly situated individual"—such as SVPs/290 registrants—were intentionally treated differently without a rational relationship to a legitimate government purpose.  SVPs/290 registrants are not similarly situated to prisoners who have been convicted of a crime.

It appears to the court that plaintiff may be able to allege facts to fix his Fourteenth Amendment claim.  Therefore, plaintiff will be given the option of filing an amended complaint.
////

E.  Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make.  After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

The **first option** available to plaintiff is to proceed immediately against the sheriff of SCMJ/RCCC and the facility managers of SCMJ and RCCC in their individual and official capacities on his Fourteenth Amendment due process claims.  By choosing this option, plaintiff will be agreeing to voluntarily dismiss individual capacity claims against defendant facility manager at SCMJ and his Eighth Amendment and Fourteenth Amendment Equal Protection claims.  The court will proceed to immediately serve the complaint and order a response from the *current* sheriff and facility commanders of SCMJ/RCCC on the official capacity claims.  Service of process against the sheriff of SCMJ/RCCC and the facility commander at RCCC on the individual capacity claims, however, will not be ordered until plaintiff identifies their real names and files a motion to amend the complaint to substitute their real names.

The **second option** available to plaintiff is to file an amended complaint to fix the problems described in Section I.D. against defendant facility manager of SCMJ and his Fourteenth Amendment Equal Protection Clause claim.  If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.

II.    Requests and Motions to Assign Alternative Judge (ECF Nos. 1, 6, 14)

As noted above, the complaint requests that Magistrate Judge Deborah Barnes be assigned to this action.  ECF No. 1 at 6.  Plaintiff has also filed two motions seeking the assignment of an alternate judge—either Magistrate Judge Deborah Barnes or Magistrate Judge Carolyn Delaney.  ECF Nos. 6, 14.  In each request, plaintiff explains that he seeks reassignment of this case to the named magistrate judges because they have handled his past cases and are familiar with the issues.  ECF no. 1 at 6; ECF No. 6 at 1; ECF No. 14 at 1.  Plaintiff further explains that there is no issue with this case proceeding before Magistrate Judge Allison Claire and that his requests are based solely on an attempt to save the undersigned time in catching up on plaintiff's prior cases, which involve the same defendants and issues.  See ECF No. 6 at 1; ECF No. 14 at 1.

6

The request will be denied for the following reasons.  First, plaintiff has not presented a basis for the undersigned's recusal or disqualification.  See 28 U.S.C. § 455(a)-(b) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in certain more specific circumstances, including "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."); 28 U.S.C. § 144 (requires that plaintiff file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party).  Second, plaintiff "does not have the authority to choose which judge hears this case."  Sgromo v. Scott, No. 19-cv-8170 HSG, 2020 WL 6136092, at *3, 2020 U.S. Dist. LEXIS 193213, at *9-10 (N.D. Cal. Oct. 19, 2020).  Third, the undersigned has access to the documents filed in plaintiff's prior suits and can consider them to the extent, if any, that they are relevant.  The prior familiarity of a judge with a party is not relevant or appropriately considered.

III.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not.  You have sufficiently stated Fourteenth Amendment due process claims against the current sheriff of SCMJ/RCCC and facility commanders at SCMJ and RCCC in their official capacities, which are essentially claims against Sacramento County Sheriff's Department, for failing to protect you and the punitive conditions of confinement of SVPs/290 registrants, like you, at RCCC.  You have also sufficiently stated individual capacity Fourteenth Amendment due process claims against the June 2025 sheriff of SCMJ/RCCC and the facility commander at RCCC.  However, you have not stated any individual capacity claims against the facility commander at SCMJ, any Eighth Amendment cruel and unusual punishment claims, or any Fourteenth Amendment Equal Protection claims.

You have a choice to make.  You may either (1) proceed immediately on your Fourteenth Amendment due process claims as stated in the prior paragraph and voluntarily dismiss the other claims; or, (2) try to amend the complaint.  To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief.  See Attachment

7

A. Pay particular attention to these standards if you choose to file an amended complaint.

IV.   CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.   Plaintiff's request for leave to proceed in forma pauperis (ECF No. 12) is GRANTED.

2.   Plaintiff's motions to assign an alternative judge to this action (ECF Nos. 6, 14) are DENIED.

3.   Plaintiff's claims against the facility commander at SCMJ in his individual capacity do not state claims for which relief can be granted.  Plaintiff also fails to state cognizable Eighth Amendment and Fourteenth Amendment Equal Protection claims against any defendant.

4.   Plaintiff may *either* (1) proceed immediately on his Fourteenth Amendment due process claims against the current sheriff of SCMJ/RCCC and the facility commanders at SCMJ and RCCC in their official capacities and against the sheriff and facility commander at RCCC at the time of the alleged incidents in their individual capacities, as set forth in Section I.C. above, *or* (2) file an amended complaint.

5.   Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6.   If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of plaintiff's Eighth Amendment and Fourteenth Amendment Equal Protection Clause claims against all defendants, and his individual capacity claims against the facility commander at SCMJ.

DATED: January 16, 2026

allison Clare
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROLAND THOMAS KOCH,

            Plaintiff,

     v.

SHERIFF, et al.,

            Defendants.

No.  2:25-cv-1791 AC P

NOTICE OF ELECTION

    Check one:

\_\_\_\_\_  Plaintiff wants to proceed immediately on his Fourteenth Amendment due process claims against the current sheriff of SCMJ/RCCC and the facility commanders at SCMJ and RCCC in their official capacities, and against the sheriff of SCMJ/RCCC and facility commander at RCCC (during June 2025) in their individual capacities, without amending the complaint.  Plaintiff understands that by choosing this option, plaintiff's Eighth Amendment and Fourteenth Amendment Equal Protection claims, and his individual capacity claims against the facility commander at SCMJ will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_  Plaintiff wants time to file an amended complaint.

DATED:_____

                    _____
                    Roland Thomas Koch
                    Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

I.      Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

II.     Legal Standards Governing Substantive Claims for Relief

A.  Section 1983

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Accordingly, "the requirements for relief under [§] 1983 have been

1

articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991) (emphasis added).

B.  "Persons" and "Official Capacity"

Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation.  Monell, 436 U.S. 658, 690 (1978); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Local government officials are also "persons" for purposes of § 1983.  See Monell, 436 U.S. at 690.

Under Monell, "[t]here is no longer a need to bring official-capacity actions against local government officials" because "local government units can be sued directly for damages and injunctive or declaratory relief."  Kentucky v. Graham, 473 U.S. 159, 167, n.14 (1985).  A suit against a department head in his official capacity is a suit against the local government entity. Brandon v. Holt, 469 U.S. 464, 472 (1985).

C.  Monell Claims

Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees.  Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978).  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Id. at 694.  To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must demonstrate that (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) such policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation.  See Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).  The municipal policy at issue must be the result of a "'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'"  Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002)).

2

D. Eighth Amendment

The Eighth Amendment only applies to prisoners and not civil detainees such as plaintiff. See Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004).

E. Fourteenth Amendment

i. Failure to Protect

To state a claim for failure to protect, plaintiff must allege facts showing that:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc). The allegations must demonstrate "more than negligence but less than subjective intent—something akin to reckless disregard," and "the defendant's conduct must be objectively unreasonable." Id.

ii. Conditions of Confinement

Condition of confinement claims by civil detainees are analyzed under the Fourteenth Amendment, not the deliberate indifference standard under the Eighth Amendment. See Jones v. Blanas, 393 F.3d 918, 926, 934 (9th Cir. 2004) (civil detainees may be subject to "[l]egitimate, non-punitive government interests" such as "maintaining jail security, and effective management of [the] detention facility). "The Fourteenth Amendment prohibits punishment of detainees who have not yet been convicted. Demery v. Arpaio, 378 F.3d 1020, 1024 (9th Cir. 2004) (citation omitted); Bell v. Wolfish, 441 U.S. 520, 535 (1979) ("[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."). In examining the conditions of pretrial detention, the question "is whether those conditions amount to punishment of the detainee." Bell, 441 U.S. at 535. "For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,'

3

and (2) the purpose of the governmental action must be to punish the detainee." Demery, 378 F.3d at 1029 (citing Bell, 441 U.S. at 538). "Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" Bell, 441 U.S. at 538 (alteration in original) (citations omitted). A court may infer punitive intent if the challenged condition is "arbitrary or purposeless," id. at 539, or if the civil detainees are subject to identical, or similar, or more restrictive conditions of confinement than those under which the criminally convicted are held. See Sharp v. Weston, 233 F.3d 1166, 1172-73 (9th Cir. 2000) (*civilly confined* individuals must receive "more considerate" treatment than *inmates* at the correctional center (citing Youngberg v. Romeo, 457 U.S. 307, 322 (1982)).

### iii.   Equal Protection Clause

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).

Sex offenders are not a "protected class" under the Fourteenth Amendment. Richardson v. Barr, 827 F. App'x 624, 627 (9th Cir. 2020); United States v. LeMay, 260 F.3d 1018, 1030-31 (9th Cir. 2001). Individuals committed under the SVPA are not similarly situated to individuals committed under other civil commitment statutes. See Taylor v. San Diego Cty., 800 F.3d 1164, 1169 (9th Cir. 2015); Munoz v. Kolender, 208 F. Supp. 2d 1125, 1136 (S.D. Cal. 2002).

4