UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROLAND THOMAS KOCH,

Plaintiff,

v.

SHERIFF, et al.,

Defendants.

No.  2:25-cv-1791 AC P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a former civil detainee who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  Pending before the court are plaintiff's motions seeking: (1) an order requiring the California Department of Motor Vehicles (CA DMV), a non-party to this action, to issue plaintiff a California drivers' license; (2) a cease-and-desist order against the Sacramento Police Department (Sac PD), also a non-party, preventing plaintiff's removal (eviction) from "living" on the sidewalk in front of the Union Gospel Mission; and (3) an order affording him housing, transportation, and an allowance until resolution of his two pending § 1983 cases.  ECF Nos. 13, 15.  Because these motions seek injunctive relief, the court construes them as motions for preliminary injunctive relief.

A plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public

1

interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  Mandatory preliminary injunctions, as opposed to those which preserve the status quo, are "particularly disfavored" and "the district court should deny such relief unless the facts and law clearly favor the moving party."  Stanley v. Univ. of S. Calif., 13 F.3d 1313, 1320 (9th Cir. 1994) (citation and internal quotation marks omitted.

The preliminary injunctive relief sought in plaintiff's motions is unavailable for several reasons.  First, there is no nexus between the substance of the claims raised in the underlying complaint (involving conditions of plaintiff's previous confinement as a civil detainee at RCCC and failure to protect plaintiff while housed at RCCC)[1] and the claims presented in the motions for preliminary relief (failure to issue a drivers' license and attempts to remove plaintiff from living on the sidewalk).  Absent such nexus, the district court lacks authority to grant injunctive relief.  Pacific Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015).

Second, the court lacks personal jurisdiction over the persons plaintiff seeks to enjoin.  A "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).  The only defendants in this action are the sheriff at SCMJ/RCCC and facility commanders at SCMJ and RCCC.  See ECF No. 1.  Because officials at CA DMV and Sac PD are *not* parties to this lawsuit, the court lacks jurisdiction over them and cannot enjoin them.

Third, plaintiff has not established that the Winter factors weigh in favor of granting him injunctive relief in the form of housing, transportation, and an allowance pending resolution of his pending § 1983 cases.

Accordingly, the undersigned recommends that plaintiff's motions be denied.

---

[1]  Concurrent with this order, the undersign has filed a screening order, finding the complaint states cognizable Fourteenth Amendment due process claims against the current sheriff of Sacramento County Main Jail (SCMJ)/Rio Consumnes Correctional Center (RCCC) and facility commanders at SCMJ and RCCC in their official capacities and against the sheriff and facility commander at RCCC in June 2025 for their failure to protect him and the punitive conditions of his confinement.

IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that plaintiff's motions for assistance with his drivers' license and for a cease-and-desist order (ECF Nos. 13, 15) be construed as motions for preliminary injunctive relief and denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 16, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3