UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND THOMAS KOCH, | No. 2:25-cv-1791 DAD AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SHERIFF, et al., | |
| Defendants. | |

Plaintiff is a former civil detainee proceeding without counsel in a civil rights action pursuant to 42 U.S.C. § 1983. On January 16, 2026, the court screened the complaint and found that the complaint sufficiently stated Fourteenth Amendment claims against the current sheriff of SCMJ/RCCC and facility commanders at SCMJ and RCCC in their official capacities for (1) failure to protect SVPs/290 registrants (a) by housing civil detainees together with their criminal counterparts and (b) by failing to train SCMJ/RCCC staff on how to protect SVPs/290 registrants; and (2) the punitive conditions of SVPs/290 registrants confinement at RCCC; as well as Fourteenth Amendments claims against the sheriff of SCMJ/RCCC and the facility commander at RCCC (from June 2025) in their individual capacities for (1) their implementation of policies and/or practices of (a) housing civil detainees together with their criminal counterparts and (b) subjecting civil detainees to punitive conditions of confinement; and (2) their person roles in failing to train their subordinates on how to protect and properly house civil detainees at RCCC.

1

ECF No. 16 at 4.  The court also found that the complaint failed to state an individual capacity claim against the facility commander at SCMJ, an Eighth Amendment claim, and/or Fourteenth Amendment Equal Protection claim.  Id. at 5.

Plaintiff was given the options of amending the complaint or proceeding immediately on his cognizable claims as stated in Section I.C. of the screening order.  Id. at 6.  Plaintiff was ordered to complete and fill Notice of Election attached to the screening order no later than 21 days from the date of the court's screening order.  Id. at 8.  Plaintiff was informed that if he failed to notify the court how he wanted to proceed, the court would assume that he was choosing to proceed on the complaint as screened and would recommend dismissal without prejudice of plaintiff's Eighth Amendment and Fourteenth Amendment Equal Protection Clause claims against all defendants, and his individual capacity claims against the facility commander at SCMJ.  Id.

On March 3, 2026, the court received a notice from plaintiff indicating he is ready to go to trial.  ECF No. 24.  Plaintiff has not returned the notice of election form or otherwise informed the court how he would like to proceed in light of the screening order.  Accordingly, the court construes plaintiff's notice (ECF No. 24) and his failure to otherwise respond to the screening order as plaintiff's notice of election to proceed on the claims as screened.

By separate order, the court will direct plaintiff to complete service documents for the *current* sheriff of SCMJ/RCCC.  Service documents for the sheriff of SCMJ/RCCC and the facility commander at RCCC from June 2025 will not be required at this time.[1]

Accordingly, **IT IS HEREBY RECOMMENDED** that for the reasons set forth in the January 16, 2026, screening order (ECF No. 16 at 5), plaintiff's Eighth Amendment and Fourteenth Amendment Equal Protection claims against all defendants, and his individual capacity claims against the facility commander at SCMJ, be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge

---

[1]  The court will not order service of the sheriff of SCMJ/RCCC and the facility commander at RCCC from June 2025 until plaintiff identifies their real names and files a motion to amend the complaint to substitute their real names.  See ECF No. 16 at 5.

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 19, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3