UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROLAND THOMAS KOCH,

          Plaintiff,

    v.

SHERIFF, et al.,

          Defendants.

No.  2:25-cv-1791 DAD AC P

ORDER AND FINDINGS AND
RECOMMENDATIONS

Plaintiff is a former civil detainee who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  Pending before the court are plaintiff's motions for assistance with drivers' license, for emergency assistance, to suppress, to schedule trial, for ruling, for discovery, and request for e-mail notifications.  ECF Nos. 22, 23, 32, 36, 37, 39, 41.

I.     Motions for Assistance (ECF Nos. 22, 23)

Plaintiff seeks court assistance with housing, a "cease and desist" order preventing his arrest for homelessness, and a conference to discuss these matters.  ECF Nos. 22, 23.[1]  Plaintiff previously filed several motions seeking the same relief he now seeks.  See ECF Nos. 13, 15, 18. As to each, the undersigned recommended the motions be construed as motions for preliminary injunctive relief and denied.  ECF No. 17, 19.  These findings and recommendations were

---

[1] Plaintiff also complains that he is unable to obtain a drivers' license from the DMV.

1

adopted in full and plaintiff's motions were denied.  ECF No. 25.

For the reasons previously stated in the undersigned's January 16, 2026, findings and recommendations, the undersigned now recommends plaintiff's motions for assistance be denied. Plaintiff is informed that subsequent motions seeking the same or similar relief will result in a recommendation that the motions be summarily denied for the reasons previously stated and may result in sanctions.

II.    Motions to Suppress and for Discovery (ECF Nos. 36, 41)

Plaintiff seeks an order suppressing a recent arrest.  ECF No. 36.  To the extent plaintiff seeks to exclude this information from being used in this action, the motion will be denied as premature.  Griffin v. Johnson, No. 1:13-cv-1599 LJO BAM, 2017 WL 3383041, at *2 (E.D. Cal. Aug. 7, 2017) (denying motion to suppress as premature where the evidence was not at issue in any pending motion or proceeding before the court).

Plaintiff also seeks discovery regarding his last three arrests.  ECF No. 41.  However, a Discovery and Scheduling Order has yet to be entered in this case, making discovery requests premature.[2]  Brackett v. Honea, No. 2:23-cv-1935 KJM AC, 2025 WL 2299306, at *5 (E.D. Cal. Aug. 7, 2025).  Accordingly, plaintiff's motion for discovery will be denied as premature.

III.    Motions to Schedule Trial or Settlement (ECF Nos. 37, 39)

Plaintiff seeks a settlement conference or trial date.  ECF Nos. 37, 39.  Setting a trial date at this time is premature and will therefore be denied.  Puckett v. Catlin, No. 2:23-cv-0210 DAD JDP, 2025 WL 1349126, at *1 (E.D. Cal. Apr. 29, 2025) (denying motion for trial date as premature prior to adjudication of dispositive motions); Hodge v. Rueter, No. 2:19-cv-1956 JDP, 2022 WL 584161, at *1 (E.D. Cal. Feb. 25, 2022) (denying request to set a trial date as premature prior to the completion of discovery and resolution of any dispositive motions).  If necessary, a trial date will be set after the close of discovery and resolution of any dispositive motions.

Now that defendant Cooper has been served and filed an answer, the court will direct

---

[2]  For future purposes, plaintiff is informed that discovery requests and responses to discovery shall not be filed with the court unless required by rule of the court.  Failure to comply, may result in sanctions.

2

defendant to file a response to plaintiff's request for a settlement conference.  If both parties agree to a settlement conference, the court will refer the matter to the Alternative Dispute Resolution ("ADR") program.

IV.   Request for e-mail notifications (ECF No. 32)

Plaintiff seeks email notification regarding his pending civil matters, including this action. ECF No. 32.  Because plaintiff does not appear to have a Public Access to Court Electronic Records ("PACER") account and has not provided an email address for service, plaintiff's request will be denied without prejudice.  Also, the undersigned has no authority to order email notifications regarding any cases other than this case.

Plaintiff is informed that in order to receive email notifications regarding this case he must register for PACER access online, file another request to receive email notifications in this case, and provide the court with his current email address.  Such a request will be construed as plaintiff's consent to receive service of documents electronically and waiver of right to receive service by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(D).  If granted, (1) the court will direct the clerk of the court to configure this matter so that plaintiff will receive immediate email notifications when documents are filed in *this* case, and (2) plaintiff will continue to be required to *file* and *serve* paper documents with the court through conventional means.  See Local Rule 133(a), (b)(2).

CONCLUSION

Accordingly, **IT IS HERBY ORDERED** that plaintiff's request for email notification (ECF No. 32) and motions to suppress (ECF No. 36), to schedule trial (ECF No. 37, 39), and for discovery (ECF No. 41) are DENIED.  Within fourteen days from the date of this order, defendant Cooper shall inform the court, in writing, whether defendant Cooper is interested and agrees to a referral to this court's ADR program.

Furthermore, **IT IS HEREBY RECOMMENDED** that plaintiff's motions for assistance (ECF Nos. 22, 23) be construed as motions for preliminary injunction and denied for the reasons previously stated by this court in ECF Nos. 17, 19, 25.

These findings and recommendations are submitted to the United States District Judge

3

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 16, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE